```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JULIE E. CLINE,                    )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )    Civil Action No. 13-237-E
                                   )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
          Defendant.               )
```

O R D E R

AND NOW, this 24th day of September, 2014, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on January 16, 2014,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on December 18, 2013,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I.  **Background**

On August 7, 2009, Plaintiff Julie E. Cline filed her claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  Specifically, Plaintiff

claimed that she became disabled on November 1, 2004, due to hepatitis C, depression, bulging discs, and high blood pressure. (R. 131-33, 138, 143). After being denied initially on January 20, 2010, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on August 30, 2011. (R. 76-81, 88-89, 37-60). In a decision dated February 24, 2012, the ALJ denied Plaintiff's request for benefits. (R. 26-32). The Appeals Council declined to review the ALJ's decision on June 6, 2013. (R. 1-4). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law

judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial

gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. § 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since August 7, 2009, her application date. (R. 28). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically, alcohol abuse

disorder, major depressive disorder, and an anxiety disorder. He found, however, that Plaintiff's claudication/peripheral vascular disease, well-controlled hypertension, and leg complaints did not constitute severe impairments. (R. 28). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 28-29).

The ALJ found that Plaintiff retained the RFC to perform light work with no more than occasional contact with the public. (R. 29-31). Based on this RFC, the ALJ found, at Step Four, that Plaintiff is capable of performing her past relevant work as a personal care attendant. (R. 31-32). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 32).

## IV. Legal Analysis

Plaintiff raises several arguments as to why she believes that the ALJ erred in formulating her RFC and in finding her to be not disabled. Although the Court need not reach each of these arguments, it does find that substantial evidence does not support the ALJ's decision in regard to the determination of Plaintiff's RFC, nor does it support his decision that Plaintiff is capable of performing her past relevant work as a personal care attendant. Accordingly, the Court will remand the case for further consideration.

As noted above, the RFC formulated by the ALJ limited Plaintiff to light work with no more than occasional contact

with the public. Plaintiff argues, though, that this RFC does not account for limitations found by two state reviewing agents, state agency psychiatrist Joseph Kowalski, M.D., and state agency physician Anne Zaydon, M.D. She points out that Dr. Kowalski opined that she was moderately limited in her ability to maintain attention and concentration for extended periods, to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and to respond appropriately to changes in the work setting, and that Dr. Zaydon found that she could only occasionally crouch. (R. 429-30, 451). She asserts that, although the ALJ cited to the opinions of the two state reviewing agents, he neither included the limitations set forth above in the RFC nor explained why he did not include the limitations.

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Fargnoli, 247 F.3d 34 at 40. See also 20 C.F.R. § 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of

7

subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

The RFC here is not supported by substantial evidence because it is not clear from the ALJ's explication whether the omission of the limitations found by the state reviewing agents was intentional or not. The RFC does not account for issues as to maintaining attention and concentration, complying with a schedule, and responding to work changes, nor does it contain any restrictions regarding Plaintiff's ability to crouch. Indeed, although the ALJ referenced and discussed the opinions of the reviewing agents, he did not specifically discuss these limitations. While he was by no means required to simply adopt all of the limitations found by the state reviewing agents, he was required to explain his basis for rejecting them if he chose to do so.

These omissions are particularly relevant given that the ALJ found that Plaintiff could perform her past relevant work as a personal care attendant, as that position was actually

performed, without consulting a vocational expert ("VE").[1]  (R. 32).  As to the mental limitations to which Dr. Kowalski opined, there is little, if any, evidence as to the requirements regarding maintaining attention and concentration, complying with a schedule, and responding to work changes in relation to Plaintiff's prior job as a personal care assistant.  It is impossible to determine, therefore, whether the inclusion of these restrictions in the RFC would have led the ALJ to a different conclusion.

As to Dr. Zaydon's opinion that Plaintiff could only occasionally crouch, it must again be noted that the ALJ found that Plaintiff could perform her past relevant work as she actually performed it.  Since no questions were asked at the August 30, 2011 hearing about Plaintiff's prior work, the only evidence in the record regarding the requirements of her previous job as a personal care attendant was Plaintiff's own statements regarding those requirements submitted to the Commissioner.[2]  According to her, she was required to crouch

---

[1] The Court notes that the ALJ did not make an alternative finding as to whether Plaintiff could perform the job of personal care attendant as it is generally performed.

[2] Indeed, pursuant to Social Security Ruling 82-62, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work."  1982 WL 31386 (S.S.A.) at *3.

seven hours per day. (R. 144, 154). While this seems highly unlikely, particularly in light of the other stated aspects of the job, the fact remains that this was the only evidence in the record as to how this job was actually performed by Plaintiff, and the ALJ at no point claimed to rely on any other evidence or to reject Plaintiff's characterization of the position. A limitation to occasional crouching ordinarily would have little impact on the ability to perform a full range of light work. See Baker v. Commissioner of Soc. Sec., 2014 WL 1317300 (W.D. Pa. Mar. 31, 2014); SSR 83-14, 1983 WL 31254 (S.S.A.) at *2. However, here, Plaintiff claims that she crouched far more than is typical of light work and certainly more than occasionally. Accordingly, whether she was limited to occasional crouching is highly relevant, given the Step Four resolution of this case.[3]

Where, as here, there is potentially conflicting evidence in the record, the ALJ must explain which evidence he accepts and rejects and the reasons for his determination. See Cruz v. Commissioner of Soc. Sec., 244 Fed. Appx. 475, 479 (3d Cir. 2007) (citing Hargenrader v. Califano, 575 F.2d 434, 437 (3d Cir. 1978)). See also Fargnoli, 247 F.3d at 42. Two state

---

[3] Plaintiff also claims that the ALJ erred in finding that she could perform her past relevant work despite her restriction to only occasional contact with the public and despite her representation that she had to stand and walk for seven or more hours per day at her prior job. (R. 144). The Court notes that use of a VE may help to eliminate any issue as to what work Plaintiff could perform and encourages the use of one on remand.

reviewing agents offered opinions of restrictions not included in the RFC that could possibly conflict with the ALJ's determination of the RFC and his finding that Plaintiff could perform her past relevant work. The ALJ is not necessarily obligated to accept these additional limitations, but he cannot ignore them. It is the need for further explanation that mandates the remand on this issue.[4]

**V. Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC and his decision that Plaintiff could perform her past relevant work are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[4] Although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the opinions of the consulting psychologist, William Fernan, Ph.D., and of Smethport Family Practices and that these conclusions be adequately explained.

11